IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br>1718 Connecticut Avenue, NW<br>Suite 200<br>Washington, DC 20009,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br>500 12th Street SW<br>Washington, DC 20536,<br><br>    Defendant. | Civ. Action No. 1:18-cv-00797 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records requested by the Plaintiff Electronic Privacy Information Center ("EPIC") from Defendant Immigration and Customs Enforcement ("ICE"), a component of the U.S. Department of Homeland Security ("DHS").

2.  EPIC challenges ICE's failure to make a timely determination to EPIC's Freedom of Information Act request ("EPIC's FOIA Request") for records about ICE's purchase and use of mobile forensics devices and technology.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552, (a)(6)(E)(iii), (a)(4)(B). This Court has personal jurisdiction over Defendant ICE.

4. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5. Plaintiff EPIC is a nonprofit organization, incorporated in Washington, DC, established in 1994 to focus public attention on emerging privacy and civil liberties issues. Central to EPIC's mission is oversight and analysis of government activities. EPIC's Advisory Board includes distinguished experts in law, technology, public policy, and cybersecurity. EPIC routinely disseminates information to the public through the EPIC website, the EPIC Alert, and various other news organizations. EPIC is a representative of the news media. *EPIC v. Dep't of Def.*, 241 F. Supp. 2d 5, 15 (D.D.C. 2003).

6. Defendant ICE is a component of the DHS, which is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.

**Facts**

7. ICE is one of the largest law enforcement agencies in the United States.

8. The agency enforces federal border laws and conducts homeland security investigations, operating both at the U.S. border and the interior.

9. ICE's law enforcement activities include conducting warrantless electronic device searches "without individualized suspicion."[1]

---

[1] U.S. Immigration and Customs Enforcement, *Directive No. 7-6.1 Border Searches of Electronic Devices* (Aug. 18, 2009), https://www.dhs.gov/xlibrary/assets/ice_border_search_electronic_devices.pdf.

10. DHS has significantly increased the number of electronic device searches at the border, impacting both US citizens and international travelers.[2]

11. The electronic device searches conducted by ICE often include inspecting text messages, private emails, contact lists, and photos as well as other personal information.[3]

12. Over the last several years, ICE has tested various mobile forensic technologies.[4] Additionally, ICE has signed contracts with Cellebrite, a provider of mobile forensic technology.[5]

13. Cellebrite sells Universal Forensic Extraction Devices (UFED) that unlock, decrypt, and extract phone data, including "real-time mobile data . . . call logs, contacts, calendar, SMS, MMS, media files, apps data, chats, passwords."[6]

14. According to Cellebrite, the "UFED Cloud Analyzer tool" can extract private information—even without the assistance of the owner—from private cloud based accounts, such as those maintained by Facebook, Gmail, iCloud, Dropbox, and WhatsApp.[7]

---

[2] Masood Farivar, *At US Border, Dramatic Spike in Searches of Phones, Electronice Devices*, Voice of America (Oct. 28, 2017), https://www.voanews.com/a/us-border-spike-in-searches-of-phones-electronic-devices/4090013.html.

[3] Charlie Savage and Ron Nixon, *Privacy Complaints Mount Over Phones Searches at U.S. Border Since 2011* (Dec. 22, 2017), https://www.nytimes.com/2017/12/22/us/politics/us-border-privacy-phone-searches.html.

[4] Dept. of Homeland Security, *Test Results for Mobile Device Acquistion*, https://www.dhs.gov/publication/mobile-device-acquisition.

[5] *See* Federal Procurement Data System report, *available at* https://www.fpds.gov/ezsearch/search.do?q=cellebrite+CONTRACTING_AGENCY_NAME%3A%22U.S.+IMMIGRATION+AND+CUSTOMS+ENFORCEMENT%22&s=FPDSNG.COM&templateName=1.4.4&indexName=awardfull.

[6] Cellebrite Mobile Forensics, *Unlock Digital Intelligence: Accelerate Investigations Anywhere*, *available at* https://web.archive.org/web/20170614063253/https://www.cellebrite.com/Media/Default/Files/Forensics/Solution-Briefs/Mobile-Forensics-Solution-Brief.pdf.

[7] *See* Cellebrite, *UFED Cloud Analyzer: Unlock cloud-based evidence to solve the case sooner*, https://www.cellebrite.com/en/products/ufed-cloud-analyzer/.

15.     DHS released a Privacy Impact Assessment (PIA) in 2009 pertaining to border searches by ICE.[8] The PIA did not address the privacy implications of retrieving personal data from cloud-based services.[9]

16.     An ICE directive pertaining to border searches of electronic devices was released in 2009.[10] The ICE Directive 7-6.1 did not provide policies or procedures for the retrieval of personal data stored at cloud-based services from personal electronic devices.[11]

17.     The Directive 7-6.1 asserts that ICE's policies apply when electronic devices or information from electronic devices is turned over to ICE by CBP.[12]

18.     ICE's data retrieval techniques for mobile devices pose significant threats to privacy. These techniques allow ICE to collect a significant amount of personal data directly from electronic devices and cloud-based services without individualized suspicion or warrant authority. Moreover, it remains unclear what the agency does with the personal information it obtains.

## EPIC's FOIA Request

19.     On June 13, 2017, EPIC submitted a FOIA Request to ICE's Freedom of Information Act Office via email.

20.     EPIC's FOIA Request sought records pertaining to ICE's use of mobile forensic devices and technologies. Specifically, EPIC sought:

---

[8] Dept. of Homeland Security, *Privacy Impact Assessment for the Borders Searches of Electronic Devices* (Aug. 25, 2009), https://www.dhs.gov/sites/default/files/publications/privacy_pia_cbp_laptop.pdf.
[9] *See Id.*
[10] U.S. Immigration and Customs Enforcement, ICE Directive No. 7-6.1 (Aug. 18, 2009), https://www.dhs.gov/xlibrary/assets/ice_border_search_electronic_devices.pdf.
[11] *See Id.*
[12] *Id* § 6.2.

(1) All recent ICE contracts related to purchase of mobile forensics devices and technology, including cloud data analysis[13] and decryption. Contract numbers and vendors attached.

(2) All guidance, training materials, manuals, or other policies and procedures on ICE use of mobile data forensics technology at the border and in the US interior, including the use of cloud analysis and decryption.

(3) All ICE Privacy Impact Assessments, or other privacy and civil liberties assessments, dated after August 29, 2009 and involving mobile forensic technology, including for decryption and cloud analysis.

21. EPIC sought "news media" fee status under 5 U.S.C. § 552(a)(4)(A)(ii)(II), and a waiver of all duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii). EPIC also sought expedited processing under 5 U.S.C. § 5(a)(6)(E)(v)(II).

22. In an email dated June 20, 2017, the ICE FOIA Office acknowledge receipt of EPIC's FOIA request. Per the email, ICE also granted EPIC's request for a fee waiver, but denied EPIC's request for expedited processing.

23. On July 17, 2017, EPIC submitted a Freedom of Information Act Appeal regarding the denial of EPIC's request for expedited processing.

24. As of April 9, 2018, ICE has not responded to EPIC's Freedom of Information Act Appeal or made a determination on EPIC's FOIA request.

### EPIC's Constructive Exhaustion of Administrative Remedies

25. Today is the 300th day since ICE received EPIC's FOIA Request.

26. ICE has failed to make a determination regarding EPIC's FOIA Request within the time period required by 5 U.S.C. § 552(a)(6)(A).

27. ICE's failure to make a determination within the statutory time limit violates the FOIA.

---

[13] "Cloud data analysis" includes technology and software which enable access to and copying of data located on social media, online storage, and other digitally based applications and programs.

28. EPIC has constructively exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Count I

### Violation of FOIA: Failure to Comply With Statutory Deadlines

32. Plaintiff asserts and incorporates by reference paragraphs 1-28.

33. Defendant ICE has failed to make a determination regarding EPIC's FOIA Request within twenty days, and has thus violated the deadline under 5 U.S.C. § 552 (a)(6)(A)(i) and 6 C.F.R. § 5.5.

34. Plaintiff has constructively exhausted all applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i).

## Count II

### Violation of FOIA: Unlawful Withholding of Agency Records

35. Plaintiff asserts and incorporates by reference paragraphs 1-28.

36. Defendant has wrongfully withheld agency records requested by Plaintiff.

37. Plaintiff has constructively exhausted applicable administrative remedies with respect to Defendant's withholding of the requested records.

38. EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i).

39. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant to grant EPIC expedited processing;

B.     Order Defendant to immediately conduct a reasonable search for all responsive records;

C.     Order Defendant to disclose to EPIC all responsive, non-exempt records as expeditiously as possible;

D.     Order Defendant to produce records sought without the assessment of search fees;

E.     Award EPIC costs and reasonable attorney's fees incurred in this action; and

F.     Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Marc Rotenberg, D.C. Bar# 422825
EPIC President and Executive Director

Alan Butler, D. C. Bar# 1012128
EPIC Senior Counsel

By: __s/ *Jeramie D. Scott*____
Jeramie D. Scott, D.C. Bar # 1025909
EPIC National Security Counsel

ELECTRONIC PRIVACY
INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: April 9, 2018